**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 06-60917-CIV-LENARD/TORRES
[Consent Case]**

| | |
|---|---|
| ZERO TOLERANCE ENTERTAINMENT, INC., THIRD DEGREE FILMS AND BLACK ICE, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MOVIXO, INC., CECILIA JOSEPH S/H/A JOSEPH CECILIA AND ELI TAIEB, <br><br> Defendants. | Hon. Joan A. Lenard <br> United States District Judge <br><br> Hon. Edwin G. Torres <br> United States Magistrate Judge |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE, MOTION TO ENFORCE SETTLEMENT, AND ALTERNATIVE MOTION FOR CONTINUANCE**

On January 15, 2008 this Court ordered that the Plaintiffs show cause as to why the deadline to file a Joint Pretrial Stipulation pursuant to the Court's scheduling order had not been met. The Plaintiffs' response and contemporaneous Motions follow:

**FACTS COMMON TO ALL FILINGS**

1. At the time that the deadline of January 11, 2008 approached, this case appeared to be settled. In fact, all that seemingly remained was the formalization of the Settlement Agreement with official signatures of the parties. Unfortunately, the Defendants' counsel became impossible to communicate with just prior to this date.

2. As an integral part of this Response, the Plaintiffs have contemporaneously filed two alternative motions - Motion to Enforce Settlement and an alternative Motion for Continuance.

3. On November 7, 2007, counsel for the Defendants presented oral settlement terms. These terms were memorialized in an e-mail from Plaintiffs' counsel to co-counsel. See Exhibit A (privileged portions redacted). Later that day, counsel for the Plaintiff proposed more solid points for settlement. See Exhibit B.

4. On November 13, 2007, counsel for the Defendants proposed a modification of the financial terms of the settlement. See Exhibit C. This was approved.

5. Through the month of December, the attorneys for both parties conferred on multiple items. For example, counsel for the Defendants suggested that the forum and venue for future disputes should be in Miami, but the Plaintiffs proposed Orlando. The parties agreed upon this jurisdiction.

6. Through November and December, multiple minor edits were made to the proposed settlement. For example, on page 4 of 6, counsel for the Defendants proposed the deletion that remains in the margin of the redlined copy of the Settlement Agreement attached hereto as Exhibit D. In fact, after multiple exchanges, the only edits to the original are shown.

7. On January 3, 2008, counsel for the Defendants requested two more minor edits – both of which were approved. See Exhibit E.

8. On January 4, the final draft of the Settlement Agreement was transmitted to counsel for the Defendants. See Exhibit F. A copy of the proposed Consent Judgment (attached hereto as Exhibit G) was previously provided to counsel for the Defendants.

9.  On January 10, 2008, counsel for the Plaintiffs sent an e-mail to counsel for the Defendants alerting him to the perceived necessity of filing a Motion to Enforce Settlement. See Exhibit H.

10. As the Court can see, a meeting of the minds has occurred, and all that remains to finalize the agreement is the formality of affixing signatures.

11. At this point, Counsel for the Defendant and/or the Defendant appear to have had second thoughts about their offered and accepted settlement proposals, since the Settlement Agreement was substantially completed on December 20, 2007, but after that point Counsel for the Defendant began to evade efforts at communication with counsel for the Plaintiff.

12. Once it appeared that counsel for the Defendants was, indeed, attempting to evade communication, it occurred to counsel for the Plaintiff to seek the assistance of the Court. However, each time counsel for the Plaintiffs made "one last phone call" before doing so, counsel for the Defendants would assure Counsel for the Plaintiffs that settlement was imminent and the case could be considered to be resolved. Accordingly, no efforts to push the case to trial seemed prudent.

13. On Friday, January 11, 2008, counsel for the Plaintiffs flatly asked Counsel for the Defendants if the Defendants were simply attempting to evade contact until a show cause order was entered. Counsel for the Defendants assured Counsel for the Plaintiffs that this was not the case, and that it was not the Defendants' fault that there had been no communication. Counsel for the Defendants took responsibility for the failure in communication himself, while assuring Counsel for the Plaintiffs that the settlement would be finalized over the weekend.

14. On Monday, January 15, 2008, counsel for the Plaintiffs was stricken ill and was not able to come to the office. On Tuesday, January 16, 2008, counsel for the Plaintiffs,

1  from his doctor's office, directed that his staff seek hearing time for a case management
2  conference with the Court so that the Court could ask Mr. Hagen why he refuses to
3  communicate with his client or why his client refuses to communicate with him.  In the
4  interim, the Order to Show Cause was entered.  Immediately thereafter, Mr. Hagen changed
5  his story 180 degrees and claimed that it was his client, and not him that had a
6  communication deficiency.

7  15.   As of the filing of this Response, a Settlement Agreement was proposed,
8  countered, and accepted.  Due to reliance upon representations made by Counsel for the
9  Defendants, the deadlines were not met.

10  WHEREFORE, the Plaintiffs request that this honorable Court excuse the failure to
11  file the Joint Pretrial Stipulation and Pretrial Conference and either grant a continuance in
12  this case or grant the Plaintiffs' Motion to Enforce Settlement/Motion to Dismiss.

13  **MOTION TO ENFORCE SETTLEMENT/MOTION TO DISMISS**

14  The facts laid out in paragraphs 1-15 are hereby incorporated by reference into the
15  Plaintiffs' Motion to Enforce Settlement/Motion to Dismiss.  Plaintiffs, by and through their
16  undersigned counsel, hereby move this Court to consider the totality of the circumstances
17  surrounding settlement discussions and to resolve that a settlement agreement has been
18  reached - and thus enter a judgment in accordance with the agreed-upon terms of the
19  Settlement Agreement.  If this Court finds that less than all settlement terms have been
20  agreed upon, then the Plaintiffs request that this Court enter a judgment consistent with the
21  terms that it finds have been agreed upon.

22  **MEMORANDUM OF LAW**

23  Federal Courts "have inherent power to summarily enforce settlement agreements
24  entered into by party litigants in a pending case." *Allapattah Svcs., Inc., v. Exxon Corp.*,
25  2007 U.S. Dist. LEXIS 71379 (S.D. Fla. Sept. 26, 2007); *Kent v. Baker*, 815 F.2d 1395,

Case 0:06-cv-60917-EGT   Document 95   Entered on FLSD Docket 01/22/2008   Page 5 of 12

1399-1400 (11th Cir. 1987). To wield this power to enforce a settlement, the Court need only determine that the settlement agreement is complete. *Murchison v Grand Cypress Hotel Corporation*, 13 F.3d 1483, 1487 (11th Cir. 1994).

"[Courts] cannot allow a litigant to attack the integrity of the settlement process by attempting to recharacterize the focus of his litigation after he decides he is unhappy with the settlement." 13 F.3d at 1486; see also *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987) ("[A] district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action.")

In Florida, settlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources. See *Long Term Mgmt. Inc. v. Univ. Nursing Ctr. Inc.*, 704 So.2d 669, 673 (Fla. 1st DCA 1997). Courts "favor and encourage settlement agreements in order to conserve judicial resources." *Murchison*, 13 F.3d at 1486. Courts will enforce settlement agreements whenever possible. See *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985) (court enforced settlement agreement, despite disagreement over an amendment).

"Courts must consider that Florida law highly favors settlements and has routinely held that settlements will be enforced whenever possible." *Allapattah Servs. v. Exxon Corp.*, 2007 U.S. Dist. LEXIS 71379 (S.D. Fla. 2007) citing *Robbie v. City of Miami*, 469 So. 2d 1384 (Fla. 1985); *Pearson v. Ecological Science Corp.*, 522 F.2d 171 (5th Cir. 1975), cert. denied, 425 U.S. 912, 96 S. Ct. 1508, 47 L. Ed. 2d 762 (1976); *BP Prods. N. Am. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007) ("[S]ettlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources."); *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295 (Fla. 4d DCA 2003) (same).

Settlement in this case was proposed by the Defendants on November 7, 2007, as evidenced by the above-referenced Exhibit A. The financial component of the settlement

was countered by the Plaintiffs, and the Defendants requested that the parties "split the difference," as referenced in Exhibit C. Through counsel, the Plaintiffs agreed. At this point, settlement was reached. With certainty, settlement was reached on January 3, 2008, when Attorney Hagen sent an e-mail with his final modifications to the Settlement Agreement. See Exhibit E. At some point thereafter, the Defendants or their attorney ceased meaningful communication.

A settlement agreement is sufficient to allow a court to compel its enforcement if its terms are sufficiently specific and mutually agreed upon as to the essential elements. See, e.g. *Don L. Tullis and Assoc., Inc. v Benge*, 473 So.2d 1384, 1386 (Fla. 1st DCA 1985) (enforcing agreement when both parties knowingly and deliberately entered into the agreement, both parties were represented by experienced counsel). Any dispute or lack of clarity as to nonessential terms or small details will not preclude the enforcement of a settlement agreement. *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So.2d 404, 407 (Fla. 1974) "[t]he making of a contract depends not on the agreement of two minds in one intention, but on their having said the same thing." *Id.* (quoting *Gendzier v Bielecki*, 97 So.2d 604, 608 (Fla. 1957). If trial court finds that there was a meeting of the minds between the parties, the court will enforce the agreement between the parties. See e.g., *Spiegel v. H. Allen Holmes, Inc.*, 834 So.2d 295, 297 (Fla. 4th DCA 2002).

It is well established that "parties to a contract do not have to deal with every contingency in order to have an enforceable contract." *Robbie*, 469 So.2d at 1385; *Giovo v. McDonald*, 791 So.2d 38, 39 (Fla. 2d DCA 2001) ("an agreement which is complete as to its 'essential terms' is enforceable even though the agreement fails to anticipate every contingency or spell out every incidental detail.") The execution of settlement documents is not a condition precedent to a binding settlement agreement, but is rather a mere procedural formality if both parties have expressly agree to the essential elements. *Id*; *Boyko v. Ilardi*,

613 So.2d 103, 104 (Fla. 3d DCA 1993) (enforcing oral settlement agreement; signing of settlement agreement "mere procedural formality"); *Erhardt v. Duff*, 729 So.2d 529, 530 (Fla. 4th DCA 1999). In sum, "a valid settlement depends upon an offer and acceptance," with execution a mere formality. 729 So.2d at 530 (emphasis added) (citing *Robbie*, 469 So.2d at 1385). Even oral settlement agreements are enforceable under both federal and Florida law. See, e.g. *Skrtich v. Thornton*, 2003 WL 24845555, *2 (M.D. Fla. Mar. 28, 2003) (enforcement of verbal settlement agreement where plaintiff refused to sign the written agreement, account of events was supported by affidavits from the attorneys).

In the instant case, the written Settlement Agreement at issue was completed as to its "essential terms," in final form, and agreed to by both parties. The emails exchanged between the attorneys clearly establish that (1) The Defendants gave Attorney Hagen the authority to enter into a settlement; (2) that offer was accepted by the Plaintiffs as memorialized in ensuing drafts of the written settlement agreement; (3) the parties reached a consensus and a meeting of the minds, even as to minutiae of the language in the final form of the written Settlement Agreement; and (4) on January 4, 2008, the Plaintiffs accepted the agreed-upon terms of the Settlement Agreement, which was delivered to the Defendants via email to their counsel for signature. The only issue that remains outstanding is the affixation of signatures and a nebulous request by Defendant Taieb (presented through counsel) that the settlement reflect that he "did nothing wrong."

In sum, the parties reached a binding and enforceable agreement fully and finally settling this matter, which should be enforced by the court.

## **MOTION TO DISMISS**

Dismissal is warranted where there is no case or controversy remaining. In this case, all of the claims were resolved with the settlement agreement, thus no case nor controversy remains (provided that this Court enforces the Settlement Agreement).

Thus, if the Court grants the Plaintiffs Motion to Enforce Settlement Agreement, the instant case should be dismissed.

**WHEREFORE**, Plaintiffs request entry of an order: (i) Ruling that this matter is fully and finally resolved between the parties pursuant to the terms set forth in the agreed-upon final form of the written Settlement Agreement; (ii) Directing the Defendants to execute the agreed-upon final form of written Settlement Agreement attached hereto as Exhibit A; (iii) dismissing the instant lawsuit.

### MEMORANDUM OF LAW IN SUPPORT OF ALTERNATIVE MOTION FOR CONTINUANCE OF TRIAL AND PRETRIAL DEADLINES

The facts laid out in paragraphs 1-15 above are hereby incorporated by reference into the Plaintiffs' Alternative Motion for Continuance of Trial and Pretrial Deadlines.

This Court has the authority to extend any deadline to take any action pursuant to *Fed.R.Civ.P.* 6, and has the authority to grant a continuance pursuant to Local Rule 7.6.

This Motion is filed with great reluctance, as this case has already seen a Motion for Continuance. However, that Motion was filed at a time when the Defendants still had not complied with this Court's Discovery orders (and the Defendants still have not). Additionally, the dates requested in the Motion of October 30, 2007 were established pursuant to the Defendants' representation that they wished to resolve this matter without the need for a trial.

The Plaintiffs engaged in good-faith negotiations to settle this matter, but it has become apparent that the Defendants entered into negotiations in order to delay matters until the deadlines set forth in this Court's order of November 6, 2007 (Doc. No. 93) had passed, and now that settlement has all but been reached, the Defendants refuse to communicate with the Plaintiffs, despite multiple attempts. The Defendants should not be rewarded for this behavior.

It is well established that the granting of continuances is within the sound discretion of the trial judge. C.f. *United States v. Warren*, 772 F.2d 827, 837 (11th Circuit 1985) (in criminal context).

Under *Fed. R. Civ. P.* 16(b)(c) "a schedule shall not be modified except upon showing of good cause and by leave of the district judge, or when authorized by local rule, by a magistrate judge." Good cause exists to extend all deadlines in order to allow sufficient time to complete discovery, to file dispositive motions, and to prepare for trial (if necessary)..

Given the short amount of time between the deadlines set by this Court's order of November 6, 2007, and the commencement of trial on January 22, 2007, the parties will need additional time beyond the current deadlines to properly complete discovery in this matter as well as to file dispositive motions.

Accordingly, the Plaintiffs request an extension of the following deadlines contained in the Court's scheduling order dated November 6, 2007, which would specifically extend the deadlines as follows, or to other dates which this Court finds reasonable.

|  | Original Deadline (per Order dated November 6, 2007) | Revised Deadline |
|---|---|---|
| Discovery Deadline | November 20, 2007 | March 20, 2008 |
| Deadline to File Pretrial Motions | December 15, 2007 | April 15, 2008 |
| Deadline to File Joint Pretrial Stipulation | January 11, 2008 | May 12, 2008 |
| Pretrial Conference | January 17, 2008 | May 19, 2008 |
| Beginning of Trial | January 22, 2008 | May 26, 2008 |

1  Additionally, the parties have been unable to schedule a pre-trial mediation in this case, and the additional extension of time will be required for the parties to communicate and attempt to resolve this case through pre-trial mediation.

None of the parties will be prejudiced by an extension of these deadlines, and all parties will likely benefit from this extension. The Plaintiffs will certainly be prejudiced by a denial of this request.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an order granting a continuance of the trial date in the instant action to May 26, 2008. A proposed order on this motion is attached hereto for the Court's consideration and entry.

*[Remainder of this page intentionally left blank]*.

Dated: January 22, 2008.                    Respectfully Submitted,


                                            WESTON, GARROU, DeWITT & WALTERS


                                            By: /s/ Marc J. Randazza

                                            _____
                                            Marc John Randazza


                                            Clyde DeWitt
                                            California State Bar No. 117911
                                            *clydedewitt@earthlink.net*
                                            Weston, Garrou, DeWitt & Walters
                                            12121 Wilshire Boulevard, Suite 900
                                            Los Angeles, CA 90025-1176
                                            (310) 571-2710; Fax (310) 362-8667

                                            Marc John Randazza
                                            Florida State Bar No. 625566
                                            *MRandazza@firstamendment.com*
                                            Weston, Garrou, Dewitt & Walters
                                            781 Douglas Ave
                                            Altamonte Springs Florida 32714-2566
                                            (407) 975-9150; Fax (407) 774-6151

                                            Joseph F. Lopez
                                            Florida State Bar No. 801283
                                            *lawlopez@bellsouth.net*
                                            905 Brickell Bay Drive
                                            Tower II, Mezzanine, Suite 228
                                            Miami, FL 33131-2935
                                            (305) 358-2533; Fax (305) 358-2072

                                            Attorneys for Plaintiffs Zero Tolerance
                                            Entertainment, Inc., Third Degree Films
                                            and Black Ice, Ltd.

**Certificate of Compliance with S.D. Fla. L.R. 7.1A.3(a)**

I certify that in accordance with Local Rule 7.1.A.3(a), counsel for the Plaintiffs attempted to confer with counsel for the Defendants in a good faith attempt to resolve the issues contained in the foregoing Motions.

I certify that I sent an e-mail to opposing counsel on January 22, 2008 in a further effort to resolve the issues contained in these Motions. That e-mail received no reply.

_____
Marc J. Randazza, Esq.

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of such filing to the following: Kevin L. Hagen, Esq., Hagen & Hagen, P.A., 3531 Griffin Road, Fort Lauderdale, FL 33312-5444 via Southern District Courts electronic filing system this 22nd day of January, 2008.

_____
Marc J. Randazza