# Marc J. Randazza

**From:** Marc J. Randazza [mrandazza@firstamendment.com]
**Sent:** Wednesday, November 07, 2007 7:18 PM
**To:** 'Kevin L. Hagen'
**Subject:** Movixo Settlement

Kevin,

As you may have gathered, I put a curse on the Dolphins that they would go winless until this case was resolved. So far, all is going according to plan.

I have presented your proposed settlement for discussion. The settlement figure of $20K was considered as the absolute least that the case can result in on the copyright claims. Of course, the trademark claims will likely result in additional damages, and the fees are not even considered in the $20K. However, your math in coming up with that figure is respected.

Given that the attorneys fees on this side are close to $100,000, and even innocent infringers are liable for fees, the client wants at least a token fee recovery in addition to a token damages recovery.

That being said, I believe that we are on track for a reasonable settlement.

This does not represent an actual offer, but rather points for discussion of a settlement that we believe would be acceptable. You will find that the terms are **substantially** (but not 100%) in accord with what you presented this morning.

1) The consent judgment shall be for $15,000,000, which is half the maximum statutory damages. We can apportion it among the three defendants in three equal parts of $5 million each.
2) Your clients will make payment of $1,000 per month.
3) Upon payment of 36 **consecutive on-time payments of $1,000 each**, the remaining payments shall be forgiven for as long as the confidential settlement terms remain confidential.
4) If there are any late or missed payments, or any leaks of the confidential agreement, then the entire sum becomes due and payable.
5) Accordingly, if they pay 35 payments in a row, and the 36th is late, the clock starts from zero again. Or, if they make the 36 payments on time, and then tell anyone "we only paid $36,000 on that settlement," the entire amount becomes due and payable.
6) We need to be able to say to the press with your clients' approval that we put Movixo out of business and obtained the $15,000,000 judgment. Your clients, if asked, must support that position.

If we have a hand-shake on these six points, I am 95% certain that we can get a deal put together in a few days. Once that happens, I promise that I will lift the curse that I put on the 'fins.

---

## Marc John Randazza

Attorney at Law
Weston, Garrou, DeWitt & Walters
781 Douglas Avenue
Altamonte Springs, Florida 32714

Tel: (407) 975-9150
Fax: (407) 774-6151
Mobile: (407) 739-7887
E-mail: mrandazza@firstamendment.com



EXHIBIT B

1/22/2008