# FINAL DRAFT
## SETTLEMENT AGREEMENT

This Agreement is entered into this _____ day of January, 2008 by and between Zero Tolerance Entertainment, Inc., a California Corporation (hereinafter, "ZT"), Third Degree Films, a California Corporation (hereinafter "TD"), and Black Ice, Ltd, a California Corporation (hereinafter "BI") (for purposes of this Agreement, ZT, TD, and BI shall hereinafter be collectively referred to as the "Plaintiffs"), and Movixo, Inc., a Florida Corporation (hereinafter "MX"), Eli Taieb, an individual, and Cecilia Joseph, an individual (hereinafter the "Defendants"). For the purposes of this agreement, when referred to collectively, the Plaintiffs and the Defendants will hereinafter be referred to as the "Parties."

**Deleted:** December
**Deleted:** 7

WHEREAS, the Plaintiffs have commenced suit against Defendants, in *Zero Tolerance Entertainment, Inc., et al v. Movixo, Inc., et al.*, in the United States District Court for the Southern District of Florida (Case No. 06-60917-CIV-LENARD/TORRES) alleging various claims related to Plaintiffs' intellectual property; and,

WHEREAS, the Court has entered a consent judgment of fifteen million dollars ($15,000,000.00) against the Defendants, which is attached hereto as Exhibit A and incorporated herein by reference.

WHEREAS, the Defendants are desirous to resolve this matter for less than fifteen million dollars ($15,000,000.00).

WHEREAS, the Plaintiffs desire to collect partial payment of the judgment without the need for collection efforts,

THEREFORE, in consideration of the foregoing, of the mutual promises herein contained, and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending legally to be bound, hereby agree as follows:

1. To satisfy the fifteen million dollar ($15,000,000.00) judgment against them, Defendants shall make payments of one thousand dollars ($1,000.00) on or before the first (1st) day of each month via cashiers check to the Plaintiffs, in care of Weston, Garrou, DeWitt, and Walters, 12121 Wilshire Blvd # 900, Los Angeles, CA 90025, commencing on February 1, 2008.

2. If the Defendants adhere to the payment schedule of twenty-eight (28) consecutive on-time payments of one thousand dollars ($1,000.00) per month for twenty-eight (28) consecutive months, all financial liability shall be abated as provided for elsewhere in this Agreement.

3. Upon payment of twenty-eight (28) consecutive on-time payments of one thousand dollars ($1,000.00), all remaining payments shall be abated, such abatement being subject to the other terms of this Agreement.

4. Payments shall remain abated unless and until there is a breach of this Agreement or a re-commencement of any of the Defendants' activity that led to the filing of the underlying lawsuit.

**Deleted:** It is understood and agreed that this settlement is an admission of liability on the part of the Defendants. However, if the Defendants adhere to the payment schedule of twenty-eight (28) consecutive on-time payments of one thousand dollars ($1,000.00) per month for twenty-eight (28) consecutive months, the financial liability shall be abated as provided for elsewhere in this Agreement. ¶

**Deleted:** January

_____   _____   _____   _____   _____   _____
 ZT      TD      BI      MX      Taieb    Joseph



EXHIBIT D

# FINAL DRAFT

5. **Time is of the Essence:** For each payment to be made, both Parties agree that time is of the essence. Each one thousand dollar ($1,000.00) payment shall be paid on or before the first (1st) day of each consecutive month. Payment must arrive at the payment address on or before that date. Any payment that is a single day late shall have severe consequences.

6. In the event that Defendants become delinquent in payment, or fail to make twenty-eight (28) **consecutive** monthly, on-time payments in the amount of one thousand dollars ($1,000.00), the entire consent judgment of fifteen million dollars ($15,000,000.00) shall become due and payable to the Plaintiffs, until such time as the Defendants have completed twenty-eight (28) consecutive on-time payments in the amount of one thousand dollars ($1,000.00).

    6.a. Explanatory Clause: In the interest of clarity, the Defendants are to understand that all twenty-eight (28) payments must be made on time in order for the abatement of payments to begin. If twenty-seven (27) payments are made on time and the twenty-eighth (28th) is a mere one (1) day late, then there shall be no abatement until twenty-eight (28) additional payments are made. Under this scenario, that would mean that the Defendants will have made fifty-five (55) payments of one thousand dollars ($1,000), in order to activate the abatement.

7. **Confidentiality.** The terms and provisions of this Agreement must remain strictly confidential and may not be disclosed in whole or in part by any Defendant.

    7.a. The Defendants represent and agree that they have kept and will keep the fact, amount and terms of this Agreement, and all negotiations leading thereto, completely confidential, and that they will not hereafter disclose any information concerning the fact, amount or terms of this Agreement, and all negotiations leading thereto, or any information concerning the circumstances or allegations giving rise to their claims released herein to anyone except legal counsel and tax advisors, provided each is first informed of and agrees to be bound by this confidentiality Agreement, and except as otherwise required by a legal tribunal. In the event that Defendants disclose the terms of this Agreement to a third party tax advisor or legal counsel (etc.) and that party discloses the terms of this Agreement, the Defendants shall be held responsible as if they had breached the Agreement themselves.

    7.b. By way of illustration and without limitation, neither Party shall disclose the fact, amount or terms of this Agreement, and all negotiations leading thereto, or any information concerning the circumstances or allegations giving rise to Plaintiffs' claims released herein to anyone including, but not limited to, any representative of any print, radio or television media; to any past, present or prospective customer of Defendants; or to the public at large. However, Defendants may respond to any inquiry about the status of the case by stating either that "the matter has been resolved and concluded with the entry of a judgment of fifteen million dollars ($15,000,000.00) against us and we are making regular payments toward that amount." or simply that "the matter has been resolved."

    7.c. Defendants further represent and agree that Plaintiffs would be heavily damaged by any

_____  _____  _____  _____  _____  _____
 ZT     TD     BI     MX    Taieb   Joseph

Page 2 of 6

# FINAL DRAFT

breach of any of the confidentiality provisions in this Agreement and that it may be extremely difficult for Plaintiffs to establish the precise amount of such damage. Therefore, Defendants agree that (1) Upon breach of the terms of this Agreement, Plaintiffs will be entitled to payment in full of the original amount set forth in this Agreement, a total of fifteen million dollars ($15,000,000.00), less any payments that have been made, and (2) Defendants will be required to pay Plaintiffs' liquidated damages in the amount of fifty thousand dollars ($50,000.00) for each breach of the confidentiality required by this Agreement.

7.d. Notwithstanding the foregoing, the Parties recognize that a material consideration for the benefit of Plaintiffs in agreeing to the terms herein is allowing Plaintiffs to publicize the amount of this judgment and the attendant circumstances, because it is valuable to Plaintiffs to publicize that information to deter future piracy. Accordingly, as a material term of this Agreement, Plaintiffs and their agents are expressly allowed to communicate to any media representatives the amount of the judgment entered, the fact that this action drove Movixo out of business, the circumstances alleged in the Complaint (and any amendments thereto) and any other circumstances underlying the action.

7.e. After the twenty-eighth (28th) payment has been made, the Defendants shall maintain absolute confidentiality with respect to this Agreement. However, upon the expiration of a five (5) year period from the date of the twenty-eighth (28th) payment, the Plaintiffs shall fully release Defendants from all claims asserted in the underlying action.

[Formatted: Bullets and Numbering]

8. All notices, requests, consents, and other communications required or permitted to be given hereunder shall be in writing and delivered personally or sent by certified or registered mail, postage prepaid, or by telefax with proof of receipt, as follows:

    (a)   If to Defendants:    Care of:
                                              Law Offices of Hagen & Hagen, P.A.
                                              Kevin L. Hagen, Esq.
                                              3531 Griffin Road
                                              Ft. Lauderdale, FL 33312
                                              Facsimile: (954)964-3764

    (b)   If to Plaintiffs:    Care of:
                                                Weston, Garrou, DeWitt & Walters
                                              Clyde F. DeWitt, Esq.
                                              12121 Wilshire Blvd., Ste. 900
                                              Los Angeles, CA 90025-1176
                                              Facsimile: (310) 362-8667

           Copies to:                 Marc J. Randazza, Esq.

_____ _____ _____ _____ _____ _____
ZT   TD   BI   MX   Taieb   Joseph

Page 3 of 6

# FINAL DRAFT

Weston, Garrou, DeWitt & Walters
781 Douglas Ave.
Altamonte Springs, FL 32714
Facsimile: (407) 774-6151

Any notice so given shall be deemed received when delivered personally, or, if mailed, three (3) calendar days after deposit, postage prepaid, in the U.S. mails, or if by telefax, on the date of receipt with proof thereof. Any Party may change the address to which notices are to be sent by giving written notice of such change of address to the other Parties as provided herein.

9. This Agreement may be supplemented, amended, or modified only by the mutual written agreement of the Parties. No supplement, amendment, or modification of this Agreement shall be binding unless it is in writing and signed by the Party to be charged. This Agreement constitute(s) the final, complete, and exclusive statement of the terms of the Agreement between the Parties pertaining to the subject matter of this Agreement and supersedes all prior and contemporaneous understandings or agreements of the Parties. No Party has been induced to enter into this Agreement by, nor is any Party relying on, any representation or warranty outside those expressly set forth in this Agreement.

10. The Parties shall at their own cost and expense execute and deliver such further documents and instruments and shall take such other actions as may be reasonably required or appropriate to evidence or carry out the intent and purposes of this Agreement.

11. Each Party or signatory to this Agreement warrants that the Party or signatory has the power to enter into and perform this Agreement; and this Agreement's execution by such Party or signatory has been duly authorized by all necessary corporate action and that this Agreement constitutes a valid, binding and enforceable obligation on that Party.

12. Each Party and signatory to this Agreement warrants that no suit, action, arbitration, or legal, administrative, or other proceeding or governmental investigation is pending or threatened against or affecting the transactions contemplated under this Agreement.

13. Each Party and signatory to this Agreement warrants that no consent or approval of any other person or governmental authority is necessary for this Agreement to be effective.

14. Each Party and signatory to this Agreement warrants that neither the execution or delivery of this Agreement nor the consummation of the transactions contemplated by it would constitute a default or violation of the Party's articles of incorporation, bylaws, or any license, lease, franchise, mortgage, instrument, or other agreement.

15. If a court of competent jurisdiction holds any provision of this Agreement to be illegal, unenforceable, or invalid in whole or in part for any reason, the validity and enforceability of the remaining provisions, or portions of them, will not be affected, unless an essential purpose of this Agreement would be defeated by the loss of the illegal, unenforceable, or invalid provision.

16. Each Party and its counsel have participated fully in the review and revision of this Agreement.

\_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_\_  _____
ZT    TD    BI    MX    Taieb   Joseph

Margin comments (tracked changes):

Deleted: ¶
<#>Each releasing party certifies to having read the following provision of California Civil Code Section 1542:¶
¶
. "A general release does not extend to claims which the creditor does not
. know or suspect to exist in his favor at the time of executing the release,
. which if known by him must have materially affected his settlement with the . debtor."¶
¶
<#>Each releasing party certifies to having read and waived application of California Civil Code § 1542 by signing this Agreement.¶
¶
<#>The releasing parties understand and acknowledge that the significance and consequence of this waiver of California Civil Code Section 1542 is that even if the releasing party should suffer additional damages arising out of the facts referred to herein, the releasing party will not be able to make any claim for those damages. Furthermore, the releasing parties acknowledge that they intend these consequences even as to claims for damages that may exist as of the date of this release but which the releasing parties do not know exist, and which, if known, would materially affect the decision of a releasing party to execute this release, regardless of whether such releasing party's lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause. ¶

Formatted: Bullets and Numbering
Formatted: Bullets and Numbering
Formatted: Bullets and Numbering
Formatted: Bullets and Numbering
Formatted: Bullets and Numbering
Formatted: Bullets and Numbering

# FINAL DRAFT

Therefore, no rule of contract interpretation for or against the drafting party shall be applicable in construing the meaning of this Agreement and/or any portion or portions thereof.

17. No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this Agreement shall be effective unless it is in writing and signed by the Party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy shall be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, nor shall any waiver constitute a continuing waiver unless the writing so specifies.

18. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument.

19. The Parties agree that this Agreement, agreements ancillary to it, and related documents to be entered into in connection with this Agreement will be considered signed when the signature of a Party is delivered by facsimile transmission. Such facsimile signature shall be treated in all respects as having the same effect as an original signature.

20. Should any litigation be commenced between or among the Parties in relation to or arising out of this Agreement or the interpretation hereof, attorneys' fees in connection with such litigation shall be borne by the respective parties. There shall be no prevailing party attorneys fees awarded to either side.

21. **Governing Law.** This Agreement and all matters arising out of, or otherwise relating to, this Agreement shall be governed by the laws of the state of Florida, excluding its conflict of law provisions. The sum of this paragraph is that any and all disputes must be, without exception, brought to court and litigated in Seminole County, Florida.
    - 21.a. All parties to this Agreement agree that all actions or proceedings arising in connection with this Agreement or any services or business interactions between the parties that may be subject to this Agreement shall be tried and/or litigated exclusively in the state and federal courts located in Seminole County, Florida.
    - 21.b. The parties agree to exclusive jurisdiction in, and only in, Seminole County, Florida.
    - 21.c. The parties agree to exclusive venue in, and only in, Seminole County, Florida.
    - 21.d. The parties additionally agree that this choice of venue and forum is mandatory and non-permissive in nature, thereby precluding any possibility of litigation between the parties with respect to, or arising out of, this Agreement in a jurisdiction other than that specified in this paragraph.
    - 21.e. All parties hereby waive any right to assert the doctrine of *forum non-conveniens* or similar doctrines, or to object to venue with respect to any proceeding brought in accordance with this paragraph or with respect to any dispute under this Agreement whatsoever.
    - 21.f. All parties stipulate that the state and federal courts located in Seminole County, Florida shall have personal jurisdiction over them for the purpose of litigating any dispute, controversy, or proceeding arising out of (or related to) this Agreement and/or the relationship between the parties contemplated thereby.
    - 21.g. Each party hereby authorizes and accepts services of process sufficient for personal jurisdiction in any action against it, as contemplated by this paragraph by registered or certified mail, Federal Express, proof of delivery or return receipt requested, to the

# FINAL DRAFT

parties address for the giving of notices as set forth in this Agreement.

21.h. Any final judgment rendered against a party in any action or proceeding shall be conclusive as to the subject of such final judgment and may be enforced in other jurisdictions in any manner provided by law if such enforcement becomes necessary.

IN WITNESS WHEREOF, the Parties hereto have affixed their respective authorized signatures and the dates of said affixation.

---

**Zero Tolerance Entertainment, Inc.**

By: _____       Date:

Print Name/Position: _____

**Third Degree Films**

By: _____       Date:

Print Name/Position: _____

**Black Ice, Ltd..**

By: _____       Date:

Print Name/Position: _____

**Movixo, Inc.**

By: _____       Date:

Print Name/Position: _____

**Eli Taieb** _____       Date:

**Cecilia Joseph** _____       Date:

---